

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPH SCIBETTA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 04 C 5246 ) ) Judge Robert W. Gettleman |
| REHTMEYER, INC. and REHTMEYER DESIGN & LICENSING CO., INC., | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Joseph Scibetta filed a six-count complaint against defendants Rehtmeyer, Inc. ("Rehtmeyer") and Rehtmeyer Design & Licensing Co., Inc. ("RDL"), asserting claims related to an agreement to design, develop, and manufacture certain games created by plaintiff, and which plaintiff intended to market. All counts are stated against both defendants: Count I (conversion); Count II (breach of contract); Count III (Illinois Consumer Fraud and Deceptive Practices Act); Count IV (willful and wanton misconduct); Count V (fraudulent misrepresentation); and Count VI (negligent representation).

Rehtmeyer has filed a motion to dismiss all counts against Rehtmeyer pursuant to Fed. R. Civ. P. 12(b)(6), arguing that Rehtmeyer was neither a signatory nor a party to the agreement at issue, did not assume the liabilities of RDL, and was not in existence when the alleged misrepresentations were made. For the reasons stated below, Rehtmeyer's motion is granted in part and denied in part.

## FACTS[1]

Plaintiff Joseph Scibetta entered into an agreement (the "Agreement") consisting of several contracts concerning the design, development, and manufacture of two games developed by plaintiff: "Bankers and Brokers - Family Games" and "Bankers and Brokers - Home Casino Game" (collectively, the "Games"). Pursuant to the Agreement, defendants agreed to complete all stages of their obligations related to both games and to ship 5,000 units of each game to plaintiff by January 31, 2004. Copies of five contracts, executed between May 12, 2003, and July 21, 2003, are attached to plaintiff's complaint. RDL and plaintiff are the only signatories to each of the contracts, which are on RDL's letterhead, and Rehtmeyer is not a party to or identified in any of the contracts. According to plaintiff, on or about August 8, 2003, Rehtmeyer assumed responsibility in conjunction with RDL to perform the services pursuant to the Agreement. To date, plaintiff has received one case, consisting of 10 games, of each game.

According to Rehtmeyer, it was incorporated on August 19, 2003[2], and first began to conduct business on or about September 1, 2003. Rehtmeyer states that it did not enter into any contracts with plaintiff or make any alleged statements to plaintiff on or before the contracts were executed. Rehtmeyer also claims that on August 28, 2003, Rehtmeyer, as nominee, purchased the assets of RDL from RDL's assignee for the benefit of creditors, at a public sale conducted by the assignee. According to Rehtmeyer, it did not assume any liabilities of RDL. Creditors of

---

[1] The facts recited herein are those alleged in the complaint which, for purposes of this Rule 12(b)(6) motion, the court accepts as true. Travel All Over the World, Inc. v. Kingdom of Saudi Arabia, 73 F.3d 1423, 1429 (7th Cir. 1996).

[2] The court notes that Rehtmeyer asserts both August 19 and August 20, 2003, as the date of its incorporation.

RDL filed a petition for involuntary bankruptcy on August 30, 2003, which was dismissed on December 19, 2003.

Plaintiff has remitted several payments, totaling almost $110,000, pursuant to the Agreement. Plaintiff claims that it made payments to both RDL and Rehtmeyer.

## DISCUSSION

The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits. Gibson v. Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). Federal notice pleading requires only that the plaintiff "set out in her complaint a short and plain statement of the claim that will provide the defendant with fair notice of the claim." Scott v. City of Chicago, 195 F.3d 950, 951 (7th Cir. 1999). When ruling on a motion to dismiss, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Szumny v. Am. Gen. Fin., Inc., 246 F.3d 1065, 1067 (7th Cir. 2001).

When a plaintiff alleges fraud, Fed. R. Civ. P. 9(b) requires that "the circumstances constituting fraud be pled with particularity." In essence, the plaintiff must allege the "who, what, when, where, and how: the first paragraph of every newspaper story." DiLeo v. Ernst & Young, 901 F.2d 624, 627 (7th Cir. 1990). At the motion to dismiss stage, Rule 9(b) requires only that the plaintiff identify the alleged misrepresentations, not actually prove that the statement was false. See Bankers Trust Co. v. Old Republic Ins., Co., 959 F.2d 677, 683 (7th Cir. 1992).

### I. Exhibits to briefs

Before discussing the merits of the motion to dismiss, the court must address which

documents it has considered because each party attached multiple documents to its briefs. Any exhibits attached to a complaint, as well as documents attached to a motion to dismiss that are referred to in a complaint and central to a plaintiff's claim, are considered as part of the pleadings. See Wright v. Assoc. Ins. Companies, 29 F.3d 1244, 1248 (7th Cir. 1994)(citing Venture Assoc. v. Zenith Data Sys., 987 F.2d 429, 431 (7th Cir. 1993). The court therefore considers the contracts attached to plaintiff's complaint, but does not consider the exhibits attached to Rehtmeyer's reply in support of its motion to dismiss because they were not referred to in plaintiff's complaint. Plaintiff attached his affidavit and copies of several invoices from Rehtmeyer to his response to the motion to dismiss. Plaintiff did not allege in his complaint that he received invoices. "The complaint cannot be amended by the briefs filed by the plaintiff in opposition to a motion to dismiss." Gomez v. Illinois State Bd. of Educ., 811 F.2d 1030, 1039 (7th Cir. 1987). The court therefore will not consider plaintiff's affidavit or the exhibits attached to plaintiff's response.

## II.  Conversion (Count I)[3]

To state a claim for conversion under Illinois law, plaintiff in the instant case must allege that: (1) he has an unconditional right of possession of the Games; (2) he made a demand for the Games' return; and (3) Rehtmeyer wrongfully assumed control, dominion, or ownership over the Games. Industrial Hard Chrome, Ltd. v. Hetran, Inc., 90 F. Supp. 2d 952, 956 (N.D. Ill. 2000).

---

[3]Rehtmeyer's sparse motion to dismiss, which was filed without a supporting memorandum of law, cites no caselaw and does not address each count of the complaint separately. For example, although it filed a motion to dismiss the entire complaint, Rehtmeyer fails entirely to address Count I and does not set forth the elements of any of the six claims it challenges. Such a barebones motion ignores a movant's burden and places an undue burden on the court. In the interest of clarity, the court will address each count in turn.

4

Plaintiff has alleged each of these facts, and has therefore stated a claim for conversion. Rehtmeyer does not specifically address Count I in its motion to dismiss or its reply, apparently relying on its blanket argument that because Rehtmeyer was not an original party to the Agreement it is therefore not liable for any of plaintiff's claims. The court does understand how this theory justifies dismissal of a conversion claim, which does not require a contract. Plaintiff has alleged the elements of conversion, and Rehtmeyer has failed to advance any argument in support of dismissal. Accordingly, Rehtmeyer's motion to dismiss Count I is denied.

### III. Breach of contract (Count II)

To state a claim for breach of contract under Illinois law, a plaintiff must allege that: (1) a contract existed; (2) plaintiff performed his contractual obligations; (3) defendant breached the contract; and (4) plaintiff suffered damages because of that breach. Chaikin v. Fidelity and Guaranty Life Ins. Co., 2003 WL 21003715, at *2 (N.D. Ill. 2003). Rehtmeyer argues that Count II should be dismissed because plaintiff did not have a contract with Rehtmeyer. Although plaintiff does not allege a written contract with Rehtmeyer and does not allege that Rehtmeyer is an alter ego of RDL, plaintiff does allege that he made the Agreement with RDL and that in August 2003 Rehtmeyer "assumed responsibility" to perform the Agreement. Plaintiff further alleges that he made full payments to RDL and Rehtmeyer pursuant to the Agreement, that he did not receive the Games as agreed, and that he suffered damages. Plaintiff has thus stated a claim for breach of contract against Rehtmeyer, and Rehtmeyer's motion to dismiss Count II is denied.

### IV. Illinois Consumer Fraud and Deceptive Practices Act (Count III)

Count III of plaintiff's complaint alleges that defendants violated section 2 of the Illinois Consumer Fraud and Deceptive Practices Act ("Illinois Consumer Fraud Act"), 815 ILCS 505/2,

by making statements and omissions of material fact with the intent to deceive plaintiff. To assert a claim under the Illinois Consumer Fraud Act, a plaintiff must allege: "(1) a deceptive act or unfair practice; (2) an intent by defendant that plaintiff rely on the defendant; and (3) the deception occurred during trade or commerce." Chaikin, 2003 WL 21003715, at *4(quoting Tudor v. Jewel Food Stores, Inc., 288 Ill. App. 3d 207, 209 (1st Dist. 1997)). A plaintiff must plead a violation of the Illinois Consumer Fraud Act with the heightened specificity required by Rule 9(b). Murry v. America's Mortgage Banc, Inc., 2004 WL 1474584, at * 6 (N.D. Ill. June 29, 2004). That is, the plaintiff must allege the "who, what, when, where, and how." DiLeo, 901 F.2d at 627.

Rehtmeyer cites no caselaw, or even the relevant statute, in support of its motion to dismiss Count III, but merely repeats that it is not liable because it did not exist at or before the time the Agreement was executed. The court is unconvinced by Rehtmeyer's inadequate argument, but finds sua sponte that Count III does not satisfy the heightened pleading standard for fraud under Fed. R. Civ. P. 9(b). Plaintiff's complaint is lacking at least two of the required allegations, the "who" and the "when," because plaintiff fails to allege which defendant made the statements or when they were made.[4] Accordingly, the court grants Rehtmeyer's motion to dismiss Count III.

---

[4]The court notes that a plaintiff can state a valid claim for consumer fraud "only where premised upon statements made prior to [the] dates of purchase." Lilly v. Ford Motor Co., 2002 WL 84603, at *7 (N.D. Ill. Jan 22, 2002)(quoting Connick v. Suzuki Motor Co., Ltd., 174 Ill.2d 482, 502 (1996)). To sustain a claim against Rehtmeyer, plaintiff thus must allege that Rehtmeyer made omissions of material fact prior to the execution of the contracts.

## V. Willful and wanton misconduct (Count IV)

Rehtmeyer argues that Count IV should be dismissed because plaintiff's complaint alleges only that "unspecified statements constituted willful, wanton, and improper conduct." Again, the court is not persuaded by Rehtmeyer's scanty, unsupported argument. Nonetheless, Count IV must be dismissed because willful and wanton misconduct is not a separate cause of action in Illinois. Willful and wanton acts may be found where tortious conduct is found to have been intentional, but there is no separate and independent tort of "willful and wanton" misconduct. Davis v. Merrill Lynch Business Financial Services, Inc., 2004 WL 406810, at *3 (N.D. Ill. Feb. 13, 2004); Tango Music, LLC v. Deadquick Music, Inc., 2001 WL 897606, at *6 (N.D. Ill. Aug. 9, 2001)(citing Ziarko v. Soo Line R.R. Co., 161 Ill.2d 267 (1994)). The court therefore grants Rehtmeyer's motion to dismiss Count IV.

## VI. Fraudulent misrepresentation (Count V)

Rehtmeyer argues that Count V should be dismissed because any alleged misrepresentations were made to plaintiff prior to Rehtmeyer's corporate existence. Rehtmeyer mischaracterizes Count V, which is not limited to misrepresentations only prior to the Agreement, but also alleges that defendants' "oral representations from time to time...presented a materially misleading picture of what plaintiff was to receive and when he was to receive it." Although the court rejects Rehtmeyer's reasoning, the court finds that Count V, like Count III, fails the heightened pleading standards of Rule 9(b) because plaintiff fails to allege which defendant made the alleged misrepresentations or when they were made. See AW Acquisition Corp. v. Southwestern Bell Mobile Sys., Inc., LLC, 2005 WL 61466, at *4 (N.D. Ill. Jan. 7, 2005). Accordingly, Rehtmeyer's motion to dismiss Count V is granted.

## VII. Negligent misrepresentation (Count VI)

Count VI of plaintiff's complaint alleges that "defendants failed to exercise reasonable care and/or acted recklessly in advising plaintiff of the services they could perform, their expertise and qualifications and the time for completion of said services," and that plaintiff relied on this false information to his detriment. Rehtmeyer argues that Count VI should be dismissed and repeats its argument that Count VI alleges misrepresentations before Rehtmeyer existed. The court repeats its finding that Count VI is not temporally limited and emphasizes its dissatisfaction with Rehtmeyer's attempt to make its one cursory argument for dismissal apply to each count. Count VI does not allege a time period for the misrepresentations, and therefore includes allegations subsequent to August 2003, when Rehtmeyer allegedly assumed responsibility for the Agreement and after Rehtmeyer's incorporation. Unlike fraud, negligent misrepresentation is not subject to the heightened pleading standard of Rule 9(b). Service Auto Parts, Inc. v. Benjamin & Birkenstein, P.C., 2004 WL 2359233, at *2 (N.D. Ill. Oct. 19, 2004). Although plaintiff does not allege which defendant made the misrepresentations or when, such specific allegations are not required to satisfy the notice pleading standard.

## VIII. Sanctions

Plaintiff's response to Rehtmeyer's motion to dismiss seeks sanctions under Fed. R. Civ. P. 11(b)(3) for the factual allegations in Rehtmeyer's motion to dismiss. Plaintiff has not filed a motion for sanctions, or otherwise complied with the procedural prerequisites for a motion for Rule 11 sanctions. See Fed. R. Civ. P. 11(c)(1)(A); Corley v. Rosewood Care Ctr., Inc., 388 F.3d 990, 1011-1012 (7th Cir. 2004). The court, therefore, denies plaintiff's request for sanctions.

## CONCLUSION

For the reasons stated above, Rehtmeyer's motion to dismiss is denied as to Count I, Count II, and Count VI, and granted as Count III, Count IV, and Count V. Plaintiff is granted leave to file an amended complaint to attempt to cure the defects in Counts III and V, and is directed to inform the court of its intention at the status hearing on February 17, 2005, at 9:00 a.m.

**ENTER:** **February 9, 2005**

_____
**Robert W. Gettleman**
**United States District Judge**